IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MUSUR MONIQUE WALLACE,

    Plaintiff,
v.                                   CASE NO. 3:16-cv-127-MCR-GRJ

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a civil rights complaint pursuant to 42 U.S.C § 1983 that was initially opened in the Panama City Division as *Wallace v. State of Florida*, Case No. 5:16-cv-86-LC-GRJ.  Plaintiff seeks relief in connection with his August 2014 Okaloosa County conviction for failing to register as a sex offender.  See ECF No. 1.  Plaintiff alleges that he is entitled to relief because an Alabama court, where the underlying offense occurred, granted him full relief from the requirements of the Sex Offender Registration and Notification Act pursuant to that state's "Romeo/Juliet" clause.  Plaintiff seeks a "president [sic] for this charge" as well as monetary damages.  *Id*.

Because Plaintiff's claims sounded in habeas corpus, the Court

determined that the case should be transferred to the Pensacola Division as a habeas corpus case. ECF No. 4. However, Plaintiff had already filed a habeas corpus case challenging the same conviction which is currently pending in the Pensacola Division. *See Wallace v. Secretary, DOC*, Case No. 3:16-cv-113-LC-GRJ.

Plaintiff has filed a motion to reinstate this case as a civil rights case. ECF No. 8. However, as the Court explained in the transfer order, a civil rights action is not the proper vehicle for challenging his current confinement. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims implicate the fact or duration of his present confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

To the extent that Plaintiff believes he is entitled to civil damages in connection with his current conviction, his civil rights claims would be

barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which prevents state prisoners from pursuing § 1983 actions that, if successful, would necessarily imply the validity of a plaintiff's conviction.  There is nothing in Plaintiff's Complaint, ECF No. 1, that suggests his claims would not be barred by *Heck v. Humphrey*.  Plaintiff seeks damages in connection with his claim that he has been wrongfully imprisoned pursuant to his Okaloosa County conviction, and such claim for damages necessarily implies the invalidity of the conviction.

The Court inadvertently transferred this case as a habeas corpus case to protect Plaintiff's right to seek habeas corpus relief.  Plaintiff may not, of course, pursue two separate habeas corpus actions challenging the same conviction.  Because Plaintiff's right to seek habeas relief has been preserved by the earlier-filed habeas corpus case, Case No. 3:16-cv-113-LC-GRJ, the better course is to dismiss the instant case as duplicative and as barred by *Heck v. Humphrey*.

It is therefore respectfully **RECOMMENDED** that Plaintiff's motion to reinstate this case as a civil rights case, ECF No. 8, should be **DENIED,** and this case should be **DISMISSED** without prejudice as duplicative and

as barred by *Heck v. Humphrey*.

**IN CHAMBERS**, at Gainesville, Florida, this 19th day of April 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.